# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
APRIL 2026 01289
E-Filing Number: 2604022670

| | |
|---|---|
| PLAINTIFF'S NAME<br>ESTATE OF RENIS S. PATON | DEFENDANT'S NAME<br>THE HOME DEPOT |
| PLAINTIFF'S ADDRESS<br>5310 NEW KENT ROAD<br>RICHMOND VA 23225 | DEFENDANT'S ADDRESS<br>17832 COASTAL HIGHWAY<br>LEWES DE 19958 |
| PLAINTIFF'S NAME<br>MARY P. HELM, ALIAS: MARY PATON. HELM | DEFENDANT'S NAME<br>THE HOME DEPOT, INC. |
| PLAINTIFF'S ADDRESS<br>5310 NEW KENT ROAD<br>RICHMOND VA 23225 | DEFENDANT'S ADDRESS<br>251 LITTLE FALLS DRIVE<br>WILMINGTON DE 19808 |
| PLAINTIFF'S NAME<br>FREDERICK HELM | DEFENDANT'S NAME<br>HOME DEPOT USA INC. |
| PLAINTIFF'S ADDRESS<br>5310 NEW KENT ROAD<br>RICHMOND VA 23225 | DEFENDANT'S ADDRESS<br>2455 PACES FERRY ROAD<br>ATLANTA GA 30339 |

TOTAL NUMBER OF PLAINTIFFS: 5

TOTAL NUMBER OF DEFENDANTS: 8

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
APR 09 2026
G. IMPERATO

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ESTATE OF RENIS S. PATON , MARY P HELM , FREDERICK HELM , WILLIAM K P.

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>THEODORE M. SCHAER | ADDRESS<br>2005 MARKET STREET<br>ONE COMMERCE SQUARE, 16THFLOOR<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(215)569-2800   FAX NUMBER<br>(267)765-9695 | |
| SUPREME COURT IDENTIFICATION NO.<br>49580 | E-MAIL ADDRESS<br>tmschaer@zarwin.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*THEODORE SCHAER* | DATE SUBMITTED<br>Thursday, April 09, 2026, 03:13 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF PLAINTIFFS:**

1. ESTATE OF RENIS S. PATON
   5310 NEW KENT ROAD
   RICHMOND VA 23225
2. MARY P. HELM
   ALIAS: MARY PATON. HELM
   5310 NEW KENT ROAD
   RICHMOND VA 23225
3. FREDERICK HELM
   5310 NEW KENT ROAD
   RICHMOND VA 23225
4. WILLIAM K. PATON
   243 QUAYSIDE CIRCLE
   MAITLAND FL 32751
5. KATHERINE K.P.. CUTLIP
   243 QUAYSIDE CIRCLE
   MAITLAND FL 32751

**COMPLETE LIST OF DEFENDANTS:**

1. THE HOME DEPOT
   17832 COASTAL HIGHWAY
   LEWES DE 19958
2. THE HOME DEPOT, INC.
   251 LITTLE FALLS DRIVE
   WILMINGTON DE 19808
3. HOME DEPOT USA INC.
   2455 PACES FERRY ROAD
   ATLANTA GA 30339
4. HOME DEPOT USA
   2455 PACES FERRY ROAD
   ATLANTA GA 30339
5. JOHN DOE CORPORATIONS 1-10
   0
   0000 DE 0
6. JOHN DOE PARTNERSHIPS 1-10
   0
   0000 DE 0
7. JOHN DOES 1-10
   0
   0 DE 0
8. JANE DOES 1-10
   0
   0 DE 0

**ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.**
**THEODORE M. SCHAER, ESQUIRE**
**BRIELLE C. BANDOLA, ESQUIRE**
**ID NO.: 49580/310681**
**2005 Market Street, 16th Floor**
**16th Floor**
**Philadelphia, PA 19103**
**tmschaer@zarwin.com / bcbandola@zarwin.com**

Filed and Attested by the Office of Judicial Records 09 ... 2026 ... pm

**Attorneys for Plaintiffs**

| | |
|---|---|
| **THE ESTATE OF RENIS S. PATON, by and through the Administrators of the Estate, Mary P. Helm a/k/a Mary Paton Helm and Frederick Helm**<br>**5310 New Kent Road**<br>**Richmond, VA 23225**<br>**AND**<br>**WILLIAM K. PATON, Individually, by and through his Co-Attorneys-In-Fact, Katherine K.P. Cutlip and Mary Paton Helm**<br>**Mary P. Helm a/k/a Mary Paton Helm 5310 New Kent Road**<br>**Richmond, VA 23225**<br>**AND**<br>**Katherine K.P. Cutlip**<br>**243 Quayside Circle**<br>**Maitland, FL 32751**<br><br>**VS.**<br><br>**THE HOME DEPOT**<br>**17832 Coastal Highway**<br>**Lewes, DE 19958**<br>**AND**<br>**THE HOME DEPOT, INC.**<br>**251 Little Falls Drive**<br>**Wilmington, DE 19808**<br>**AND**<br>**HOME DEPOT USA INC.**<br>**2455 Paces Ferry Road**<br>**Atlanta, GA 30339** | : **COURT OF COMMON PLEAS**<br>: **PHILADELPHIA COUNTY**<br><br>**TERM, 2026**<br><br>: **NO.**<br><br>: **JURY TRIAL DEMANDED** |

| | |
|---|---|
| **AND** | : |
| **HOME DEPOT USA** | : |
| **2455 Paces Ferry Road** | : |
| **Atlanta, GA 30339** | : |
| **AND** | : |
| **JOHN DOE CORPORATIONS 1-10** | : |
| **AND** | : |
| **JOHN DOE PARTNERSHIPS 1-10** | : |
| **AND** | : |
| **JOHN DOES 1-10** | : |
| **AND** | : |
| **JANE DOES 1-10** | : |

**NOTICE TO DEFEND - CIVIL**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed or any other claim or relief requested by the plaintiffs. You may lose money or property rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
PHILADELPHIA COUNTY BAR
ASSOCIATION
1101 Market Street, 10th Floor
Philadelphia, PA 19107
(215) 238-6333

Plaintiffs, by and through their undersigned counsel, hereby states the following in their Civil Action against the above-captioned Defendants and, in support thereof, avers as follows:

## INTRODUCTION

1. This lawsuit arises from the tragic and preventable death of Plaintiff-Decedent, Renis S. Paton, the loving wife to Plaintiff, William K. Paton, and mother to five adult grown daughters.

2. Home Depot chose to consciously disregard the safety of their customers in placing a makeshift hose stand in the attention-directing layout that directly and dangerously impeded the walking path of customers, creating a trap-like condition at their Lewes, Delaware store. This inexplicable cost-saving measure is befuddling since Home Depot sells hose stands but chose to build their own unsafe version. Due to Home Depot's conscious disregard for the safety of their Lewes, Delaware Customers, Mrs. Paton foreseeably tripped and fell causing her catastrophic injuries that eventually caused her death the next day.

3. As a result of the profit-driven arrogance of Home Depot, and the clear breach of Home Depot's duty of care of care to its customers, Renis S. Paton tripped over an exposed piece of wood in the middle of a customer walkway, resulting in a horrific fall where her head crashed onto the hard concrete floor. The resulting damage cost Mrs. Paton her life. Plaintiffs lost a wife, a caretaker, a mother, a grandmother to their children, and a friend many years too soon.

# <u>CIVIL ACTION – COMPLAINT</u>

1. Plaintiffs' Decedent, Renis S. Paton, a resident of Orange County, Florida, died on September 17, 2025 at Beebe Healthcare.

2. Mary P. Helm a/k/a Mary Paton Helm and Frederick Helm were appointed personal representatives of the Estate of Decedent, Renis S. Paton on November 25, 2025.

3. Plaintiff, William K. Paton, was married to Plaintiff's Decedent, Renis S. Paton, at the time her death.

4. Mr. Paton suffers from Parkinson's Disease with related Dementia, and his wife was his sole primary caregiver before her untimely death.

5. As a result of his illnesses, Mr. Paton's interests are represented by his Co-Attorneys-In-Fact, Katherine K.P. Cutlip and Mary Paton Helm.

6. Defendant, The Home Depot, is a store location licensed and registered to conduct business at 17832 Coastal Highway, Lewes, DE 19958.

7. Defendant, The Home Depot is a corporation and/or other business entity which exists, operates and does business under the laws of the Commonwealth of Pennsylvania and has its registered agent for service and/or principal place of business at 2455 Paces Ferry Road, Atlanta, GA 30339.

8. Defendant, The Home Depot, Inc. is a corporation and/or other business entity which exists, operates and does business under the laws of the Commonwealth of Pennsylvania and has its registered agent for service and/or principal place of business at 251 Little Falls Drive Wilmington, DE 19808.

9. Defendant, Home Depot USA Inc. is a corporation and/or other business entity which exists, operates and does business under the laws of the Commonwealth of Pennsylvania and has its registered agent for service and/or principal place of business at 2455 Paces Ferry Road,

Atlanta, GA 30339 and/or 251 Little Falls Drive, Wilmington, DE 19808.

10. Defendant, Home Depot USA is a corporation and/or other business entity which exists, operates and does business under the laws of the Commonwealth of Pennsylvania and has its registered agent for service and/or principal place of business at 2455 Paces Ferry Road, Atlanta, GA 30339 and/or 251 Little Falls Drive, Wilmington, DE 19808.

11. Defendants The Home Depot, The Home Depot, Inc., Home Depot USA, Inc. and Home Depot USA will hereinafter be referred to as the "Home Depot Defendants."

12. The Home Depot Defendants, upon information and reasonable belief, is a commercial entity whose headquarters is located at 2455 Paces Ferry Road in the City of Atlanta, County of Fulton and State of Georgia and which is authorized to conduct business under the laws of the Commonwealth of Pennsylvania, and which regularly conducts business within the Commonwealth of Pennsylvania, and more specifically at locations throughout the City and County of Philadelphia, including at 1651 Christopher Columbus Blvd., 2200 Oregon Avenue, 2539 Castor Avenue, 4640 Roosevelt Avenue, and 11725 Bustleton Avenue thereby conferring jurisdiction and venue in Philadelphia County. At all times material hereto, Defendant, The Home Depot, owned, operated, leased, serviced, controlled, possessed, managed, secured, cleaned, inspected, repaired, and/or maintained the premises and/or structures at the aforementioned addresses. The Home Depot Defendants further employed the clerks, sales personnel, cashiers, garden associates, maintenance personnel and other individuals working in the stores at the aforementioned Philadelphia addresses.

13. The Home Depot Defendants are a corporation licensed to do business in Delaware that regularly, systematically, and continuously conducts business in Pennsylvania through the ownership and operation of its businesses.

14. Pursuant to Pa. R.C.P. 2005, Defendants, John Doe Corporations 1-10, are various and heretofore unknown corporations or other legal business entities who designed, installed, or were otherwise involved in the production and maintenance of the hose stand and/or display at Defendant Home Depot's store.

15. Pursuant to Pa. R.C.P. 2005, Defendants, John Doe Partnerships 1-10, are various and heretofore unknown partnerships and/or other legal business entities who designed, installed, or were otherwise involved in the production and maintenance of the hose stand and/or display at Defendant Home Depot's store.

16. Pursuant to Pa. R.C.P. 2005, Defendants, John Does 1-10, are various and heretofore unknown entities and/or individuals who designed, installed, or were otherwise involved in the production and maintenance of the hose stand and/or display at Defendant Home Depot's store.

17. Pursuant to Pa. R.C.P. 2005, Defendants, Jane Does 1-10, are various and heretofore unknown entities and/or individuals who designed, installed, or were otherwise involved in the production and maintenance of the hose stand and/or display at Defendant Home Depot's store.

18. Plaintiff avers that the identities of John Doe Corporations 1-10, John Partnerships 1-10, John Does 1-10, and Jane Does 1-10 are currently unknown and that a reasonable search to determine the actual names of the John Doe Corporations 1-10, John Partnerships 1-10, John Does 1-10, and Jane Does 1-10 entities has been conducted. Upon identification of the John Doe Corporations 1-10, John Partnerships 1-10, John Does 1-10, and Jane Does 1-10, Plaintiff will move to amend this Complaint consistent with the requirements set forth in Pa. R.C.P. 2005(c).

19. At all times relevant hereto, John Doe Corporations 1-10, John Partnerships 1-10, John Does 1-10, and Jane Does 1-10 were, are, and continue to be duly authorized and/or licensed distributors and/or designers and/or designed, installed, or were otherwise involved in the production and maintenance of the hose stand and/or display at Defendant Home Depot's store,

and specifically at the site of this accident.

20. At all times relevant hereto, John Doe Corporations 1-10, John Partnerships 1-10, John Does 1-10, and Jane Does 1-10 were, are, and continue to be entities that regularly engage in the business of designing, manufacturing, packaging, labeling, marketing, distributing, and/or selling the hose stand and/or display at Defendant Home Depot's store, and specifically at the site of this accident specifically at the site of this accident.

21. On or about September 16, 2025, Plaintiff's Decedent was lawfully on the premises of Defendants' store as a business invitee.

22. On or about September 16, 2025, The Home Depot Defendants owned, possessed, maintained, operated, leased, and/or controlled the premises located at 17832 Coastal Highway, Lewes, DE wherein and upon existed a store created, hidden, hazardous and dangerous condition, which was under the care, custody, maintenance, and/or control of the defendants.

23. On or about September 16, 2025, the makeshift, cobbled together hose stand and/or display was placed in the garden section of the store floor in the walking path of business invitees.

24. The garden section of the store has designated concrete walkways and paths that steer customers up and down the walkways with displays of plants and flowers lining each side of the walkway. The goal of these designated walkways is to maintain customers' focus on the merchandise at eye level laterally steering customers down the walkways. The placement of the plants and flowers in the garden section is designed specifically to steer customers towards high-margin bright or seasonal items.

25. On or about September 16, 2025, the Home Depot Defendants had a duty to keep and maintain the aforementioned hose stand and/or display in a reasonably safe condition.

26. At all times material hereto, the Home Depot Defendants, had a duty to exercise due care to design, construct, inspect, maintain, place and repair the aforementioned hose stand and/or

display.

27. Home Depot was deliberately indifferent to the rights and safety of customers who were in the area of the fall and upon information and belief violated their own policies and protocols regarding tripping hazards and walkways for business invitees.

28. At all times material hereto, the Home Depot Defendants acted through their agents, servants, workmen and/or employees acting within the nature and scope of their employment with Defendant.

29. At all times material hereto, Defendants John Doe Corporations 1-10, John Partnerships 1-10, John Does 1-10, and Jane Does 1-10 designed, manufactured, installed, and maintained the hose stand and/or displays.

30. On or about September 16, 2025, there existed on the aforementioned premises a dangerous irregularity and/or condition consisting of a Home Depot crafted, wooden outdoor hose stand and/or display that had unexpected, unmarked, neutrally colored unwarned legs that jutted into the customers' path of travel and blended into the color of the surrounding area.



31. Collectively, the Defendants had actual and/or constructive notice of the existence of the aforementioned dangerous irregularities and/or defective conditions of the hose stand and/or display before the September 16, 2025 incident.

32. Defendants, John Doe Corporations 1-10, John Partnerships 1-10, John Does 1-10, and Jane Does 1-10, failed to provide warnings to users, such as Plaintiff's Decedent, of the dangers associated with their products, specifically by not providing any audio and/or visual warnings cautioning users of the unapparent design hazard which intruded into the pathway.

33. The Home Depot Defendants created the hazardous condition by failing to ensure a clear and unencumbered pathway for its customers to shop free from hazards and unapparent obstacles.

34. Defendants, John Doe Corporations 1-10, John Partnerships 1-10, John Does 1-10, and Jane Does 1-10, created the hazardous conditions by designing, manufacturing and/or installing a hose stand and/or display for plants that failed to ensure a clear and unencumbered pathway for customers to shop free from hazards and unapparent obstacles.

35. At all times material hereto, Defendants, and each of them, knew or should have known that users would lawfully shop at the garden center of Defendant's facility and those users would be unaware of the camouflaged obstacle, dangerous irregularities and/or defective conditions.

36. On or about September 16, 2025, Plaintiff's Decedent, Renis S. Paton, was a business invitee lawfully on the aforementioned premises when, suddenly and without warning due solely to the negligence and carelessness of the Home Depot Defendants, John Doe Corporations 1-10, John Partnerships 1-10, John Does 1-10, and Jane Does 1-10, she was caused to trip and fall over the unexpected, unapparent, and abnormally long leg of the makeshift hose stand and/or display in the outdoor garden center after not being provided any audio and/or visual warnings cautioning or advising Plaintiff's Decedent that there was a camouflaged obstacle and hazardous defect in the walkway, thereby causing her to sustain severe and painful injuries that led to her death.



37. During the aforementioned time period, Defendants, and each of them, failed to properly supervise the outdoor garden center.

38. During the aforementioned time period, Defendants, and each of them, failed to ensure that their employees were adequately trained, performing their job duties, and monitoring outdoor garden center.

39. During the aforementioned time period, Defendants, and each of them, failed to ensure that the hose stand and/or display, negligently placed in an attention directing layout, was properly marked in contrasting color from the concrete pathway, visible in rain or shine, such that customers would easily see the hazard while being steered down the designated pathway.

40. At all times material hereto, Defendants knew or in the exercise of reasonable diligence should have known of the aforesaid dangerous irregularity and/or defective condition.

41. At all times material hereto, Defendants' conduct significantly departed from how a reasonable entity would act under the circumstances described within.

42. Plaintiff's Decedent's wrongful death was caused solely as a result of the negligence and recklessness of the Defendants as more fully set forth below and were due in no manner to any acts or omissions on the part of the Plaintiff's Decedent.

43. As a direct and proximate result the Defendants negligence and recklessness, Plaintiff's Decedent, Renis S. Paton, was caused to suffer severe, painful and serious personal injuries which led to her death, including but not limited to: large right holohemispheric acute subdural hematoma (up to 2.8 cm), severe 2 cm of leftward midline shift, right uncal herniation, near-complete effacement of right lateral ventricle, acute hydrocephalus, trace subarachnoid hemorrhage, as well as multiple nondisplaced fractures of the right maxillary sinus, including orbital floor/lateral wall.



44. As a result of the negligence, carelessness and recklessness of the Defendants, Plaintiff's Decedent, Renis S. Paton incurred expenses for hospital and medical care for her injuries before her death. The Home Depot's breach of its duty of care to provide a safe walkway is a direct and proximate cause of the horrific injuries and death suffered by Renis S. Paton.

45. As a result of the negligence, carelessness and recklessness of the Defendants, William Paton, who suffers from Parkinson's Disease and related Dementia, has lost his sole primary caregiver and requires 24 hour per day, seven days a week in home nursing care and will be forced

to move into an assisted living facility to his own financial detriment and in risk to his overall health.

**COUNT I**
**NEGLIGENCE**
**THE ESTATE OF RENIS S. PATON, by and through the Administrators of the Estate, Mary P. Helm a/k/a Mary Paton Helm and Frederick Helm and WILLIAM K. PATON, Individually, by and through his Co-Attorneys-In-Fact, Katherine K.P. Cutlip and Mary Paton Helm v. THE HOME DEPOT DEFENDANTS**

46. Plaintiff incorporates by reference, as fully as if set forth at length herein in all preceding paragraphs of this Complaint.

47. At all times material hereto, the negligence and recklessness of The Home Depot Defendants consisted of the following:

a. Creating the dangerous condition on the premises;

b. Placing the dangerous condition into the attention directed layout of the walkway of business invitees;

c. Failed to use due care to properly design, construct, make visible and maintain the hose stand and/or display stands in the garden center to prevent injury to business invitees;

d. Failed to keep the garden center in a reasonably safe condition;

e. Failing to properly inspect, discover and remedy the defective condition which existed on, of and about the walking surface in the premises, which Defendants knew or should have known existed prior to the time of Plaintiff's Decedent's fall;

f. Allowed the dangerous and defective condition to remain uncorrected;

g. Failed to properly and/or adequately choose, train, direct, monitor and/or supervise its agents, servants, workmen, and/or employees;

h. Disregarding the rights and duties owed to business invitees lawfully using the shopping in the garden center, such as Plaintiff, and other persons lawfully on the premises;

i. Failing to use due care under the circumstances;

j. The Home Depot defendants' owed a duty of care to its visitors, and their breach of this duty of care constitutes a direct and proximate cause of the injuries and death of Renis S. Paton;

k. Significantly departing from how a reasonable entity would act under the circumstances;

l. Otherwise was negligent and/or reckless as may be determined in the future through discovery or otherwise.

**WHEREFORE**, Plaintiff, The Estate of Renis S. Paton, by and through the Administrators of the Estate, Mary P. Helm a/k/a Mary Paton Helm and Frederick Helm and WILLIAM K. PATON, Individually, by and through his Co-Attorneys-In-Fact, Katherine K.P. Cutlip and Mary Paton Helm demand judgment against the Home Depot Defendants in an amount in excess of $50,000.00, together with costs, interest, compensatory and punitive damages, attorney fees and all other damages allowed by law.

**COUNT II**
**NEGLIGENCE**
**THE ESTATE OF RENIS S. PATON, by and through the Administrators of the Estate, Mary P. Helm a/k/a Mary Paton Helm and Frederick Helm and WILLIAM K. PATON, Individually, by and through his Co-Attorneys-In-Fact, Katherine K.P. Cutlip and Mary Paton Helm v. JOHN DOE CORPORATIONS 1-10, JOHN DOE PARTNERSHIPS 1-10, JOHN DOES 1-10, and JANE DOES 1-10**

48. Plaintiff incorporates by reference, as fully as if set forth at length herein in all preceding paragraphs of this Complaint.

49. Plaintiff's Decedent, Renis S. Paton, physical injuries were caused by the carelessness and negligence of Defendants, John Doe Corporations 1-10, John Partnerships 1-10, John Does 1-10, and Jane Does 1-10 in that:

a. Creating the dangerous condition on the premises;

b. Placing the dangerous condition into the attention directed layout of the walkway of business invitees;

c. Failed to use due care to properly design, construct, make visible and maintain the hose stand and/or display stands in the garden center to prevent injury to business invitees;

d. Failed to keep the garden center in a reasonably safe condition;

e. Failing to properly inspect, discover and remedy the defective condition which existed on, of and about the walking surface in the premises, which Defendants knew or should have known existed prior to the time of Plaintiff's Decedent's fall;

f. Allowed the dangerous and defective condition remain uncorrected;

g. Failed to properly and/or adequately choose, train, direct, monitor and/or supervise its agents, servants, workmen, and/or employees;

h. Disregarding the rights and duties owed to business invitees lawfully using the shopping in the garden center, such as Plaintiff, and other persons lawfully on the premises;

i. Failing to use due care under the circumstances;

j. Significantly departing from how a reasonable entity would act under the circumstances;

k. Otherwise, was negligent and/or reckless as may be determined in the future through discovery or otherwise.

l. The Home Depot Defendants owed a duty of care to its visitors, and its breach of this duty is a direct and proximate cause of the injuries and death of Renis S. Paton.

**WHEREFORE**, Plaintiff, The Estate of Renis S. Paton, by and through the Administrators of the Estate, Mary P. Helm a/k/a Mary Paton Helm and Frederick Helm and WILLIAM K. PATON, Individually, by and through his Co-Attorneys-In-Fact, Katherine K.P. Cutlip and Mary Paton Helm demands judgment in his favor and against Defendants singly, jointly, and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, attorney fees and all other damages allowed by law.

**COUNT III**
**WRONGFUL DEATH ACTION**
**PLAINTIFF v. ALL DEFENDANTS**

50. Plaintiff incorporates by reference, as fully as if set forth at length herein in all preceding paragraphs of this Complaint.

51. Plaintiff, The Estate of Renis S. Paton, by and through the Administrators of the Estate, Mary P. Helm a/k/a Mary Paton Helm and Frederick Helm and WILLIAM K. PATON, Individually, by and through his Co-Attorneys-In-Fact, Katherine K.P. Cutlip and Mary Paton Helm brings this action on behalf of all persons entitled by law to recover for the death of Renis S. Paton pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. §8301.

52. Plaintiff claims all damages recoverable by law for the wrongful death of Renis S. Paton including, but not limited to, medical expenses, funeral expenses, expenses of administration, and the loss of the care, comfort, society, services, guidance, nurture, tutelage, and support of Plaintiff's Decedent.

**WHEREFORE,** Plaintiff, The Estate of Renis S. Paton, by and through the Administrators of the Estate, Mary P. Helm a/k/a Mary Paton Helm and Frederick Helm and WILLIAM K. PATON, Individually, by and through his Co-Attorneys-In-Fact, Katherine K.P. Cutlip and Mary Paton Helm demands judgment in his favor and against Defendants singly, jointly, and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, attorney fees and all other damages allowed by law.

**COUNT IV**
**SURVIVAL ACTION**
**PLAINTIFF v. ALL DEFENDANTS**

53. Plaintiff incorporates by reference, as fully as if set forth at length herein in all preceding paragraphs of this Complaint.

54. Plaintiff, The Estate of Renis S. Paton, by and through the Administrators of the Estate, Mary P. Helm a/k/a Mary Paton Helm and Frederick Helm and WILLIAM K. PATON, Individually, by and through his Co-Attorneys-In-Fact, Katherine K.P. Cutlip and Mary Paton Helm brings this action on behalf of THE Estate pursuant to the Pennsylvania Survival Act, 42. Pa. C.S.A. §8302, and claims on behalf of the Estate all damages recoverable by law, including Decedent's pain and suffering.

**WHEREFORE**, Plaintiff, The Estate of Renis S. Paton, by and through the Administrators of the Estate, Mary P. Helm a/k/a Mary Paton Helm and Frederick Helm and WILLIAM K. PATON, Individually, by and through his Co-Attorneys-In-Fact, Katherine K.P. Cutlip and Mary Paton Helm demands judgment in his favor and against Defendants singly, jointly, and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together with costs, interest, compensatory and punitive damages, attorney fees and all other damages allowed by law.

**COUNT V**
**LOSS OF CONSORTIUM**
**WILLIAM K. PATON, Individually, by and through his Co-Attorneys-In-Fact, Katherine K.P. Cutlip and Mary Paton Helm v. ALL DEFENDANTS**

55. Plaintiff incorporates by reference, as if fully set forth at length herein, paragraphs 1 through 48 of this Complaint.

56. William K. Paton, Individually, by and through his Co-Attorneys in Fact, Katherine K.P Cutlip and Mary Paton Helm, pursuant to 42 Pa. C.S.A. §8528, brings claims on behalf of William K. Paton all the damages recoverable by law.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants singly, jointly, and/or severally in an amount in excess of fifty-thousand dollars ($50,000.00) together

with costs, interest, compensatory and punitive damages, attorney fees and all other damages allowed by law.

**ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER, TODDY, P.C.**

**By:** Theodore M. Schaer
**THEODORE M. SCHAER, ESQUIRE**
**BRIELLE C. BANDOLA, ESQUIRE**
**Attorney for Plaintiffs**

**Date:** 4/9/2026

## VERIFICATION

We, Mary Paton Helm and Frederick Helm, hereby state that we are the Plaintiffs in this action and verify that the statements made in the foregoing pleading are true and correct to the best of our knowledge, information and belief. The undersigned understand that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

MARY PATON HELM

FREDERICK HELM

## VERIFICATION

We, Katherine K.P. Cutlip and Mary Paton Helm, hereby state that we are the Plaintiffs in this action and verify that the statements made in the foregoing pleading are true and correct to the best of our knowledge, information and belief. The undersigned understand that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Katherine K.P. Cutlip
KATHERINE K.P. CUTLIP

MARY PATON HELM

Case ID: 260401289